Good morning, Your Honors, and may it please the Court. My name is Daniel Thoman. I represent the petitioners Petar Yusev and Katerina Yuseva. Your Honors, this case involves an appeal from the Board of Immigration Appeals' June 17, 2015, decision denying a motion to reconsider its earlier decision of April 7, 2015. Your Honor, in their motion to reconsider, the petitioners raised one issue of material fact and four issues of law that we allege were overlooked or improperly addressed by the Board in its April 7, 2015 decision. But before getting into those, Your Honor, I think that the crux of this case really turns on what exactly is the proper scope of the arguments that are raised on a motion to reconsider. As this Court is well aware and has addressed in prior decisions, the regulation and the statute limit a motion to reconsider essentially to pointing to material errors of fact and law in the underlying decision. What happens is in a case such as this, the Board may then turn around and reject such a filing by arguing that every issue has already been raised, every issue has already been considered. The problem is that that sets up an impossible standard. We cannot point to errors and things that were overlooked in a prior decision without rehashing some of the earlier arguments. I don't see why it's such an impossible. Why couldn't you just have filed a petition for review from the initial decision in which you, among other things, said the Board overlooked this or the Board failed to appreciate that evidence? It seems like there's every opportunity to raise that in a direct petition for review rather than a motion to reconsider. Yes, Your Honor, and that should have been done. In this case, it was due to an oversight that the petition for review was not filed at the same time as the motions to reconsider. But regardless, Your Honor— Well, I understand that, but it doesn't mean that the scope of a motion to reconsider is any broader. It's like this Court denies petitions for rehearing all the time, and we don't usually say anything except the petition for rehearing is denied, period. Correct, Your Honor. Because what we've had to say about the case is in the opinion. Correct, Your Honor. But in cases such as this one, where the motion to reconsider raises deficiencies and things that were overlooked in the underlying decision— But that's always going to be true. I mean, why would you bother to file a motion to reconsider if you didn't think that there were deficiencies and things that were overlooked in the original decision? Exactly, Your Honor. I agree that that's the rationale. It's destroying all distinctions between motions to reconsider and just straightforward petitions for review. Your Honor, the motion to reconsider exists as a vehicle, and the regulation prescribes how it's supposed to work. Now, for a motion to reconsider to properly exist, it has to be able to address some of the things that were previously brought up. What happens in a case such as this is that when the Board denies a motion to reconsider, it does so in a cursory manner, saying this has all been raised and we've already addressed it. But in this particular case, a number of the arguments that were raised in the motion to reconsider addressed matters that were brought up for the first time in the April 7 decision. So it's not something that was properly brought up previously. It's not something that was already addressed. Now, on the opposite hand, we can't bring up completely new arguments because they would have been deemed waived. So that's where we have to strike a narrow balance. What this motion did is address the April 7 decision and point it to the things that the Board overlooked in that decision. So while a petition for review would have been ideal and it should have been filed, but in this case, the motion to reconsider still has to have some utility because it does exist. But the Board has some law about the scope of motion. They discuss endlessly the difference between a motion to reopen and a motion to reconsider, and neither one of them is supposed to be just a late opportunity to file a petition for review. The immigration system is complicated enough as it is, but it needs to follow certain time requirements just like all other litigations. Absolutely, Your Honor, and this is not a case where we are trying to attack the EIJ's decision through a later filed motion to reconsider. We are sticking our arguments to the April 7 decision by the Board, where, for example, one of the errors of fact, well, the error of fact that we allege, is that the Board decision reaches a factual conclusion that the EIJ never reached, which is that there was no evidence that the police in Bulgaria had continued to look for the petitioner, where, in fact, the testimony below indicated that the lay witness, Victor Pasov, had been traveling back and forth regularly almost every year. He had regularly met with a petitioner's son, and when he met with a petitioner's son, he was told that the police were still looking for them. But that was very vague. I mean, at least what I was able to find in the briefs here, I couldn't find any place where it was pinned down, you know, I met with the son on this date, or I met with the son on that date, anything past 2007 or so. That's correct, Your Honor. So I don't see why any Board would be abusing its discretion to say that's just not enough. The problem, Your Honor, is that the Board made that finding in the first instance on the appeal when it hadn't been brought up. So they're conducting some fact-finding exercise, which in this case is not supported by the record. There is ambiguity, Your Honor, is correct, about when the meeting took place. But that ambiguity is insufficient to support their finding that there is no evidence that the police continue to look. Now, as far as matters of law that were raised in the motion to reconsider, Your Honor, one of the things that was completely overlooked is the failure to assign the adjudication of the motion to a three-member panel. The Board did address the failure to assign. But that is totally, I mean, the Board has indicated when it's going to do that. But we had some cases about that back when the Board started using single members more frequently. But it's very much up to the Board to decide how a particular case should be handled. And I will say the single members are doing a much better job now than they once were at actually giving a reasoned explanation for why they have done whatever it is they've done. I agree with Your Honor. We had a reasoned explanation here, somewhere back here. Your Honor, in this particular case, the issue is that they gave no explanation whatsoever. They did address the failure to assign the original appeal to a three-member panel. And it was a cursory finding that we just... But why do they have to do that? I mean, they just say, we don't think this qualifies. That's, I'm surprised that you think they need to say more than that. Your Honor, in this case, they didn't even say that regarding the assignment of the motion itself to a three-member panel for review. They never do. We think they should. It would be like our court having to say, well, we've decided to assign this case to a three-member panel instead of the embanked court. I mean, we don't do that. Your Honor, where the petitioner requested specifically that the motion be assigned to a three-member panel and enumerated reasons why we believe it should, I think that the Board has a responsibility to at least acknowledge that it read that part of the motion and say, we just don't, we won't do it. So you think any time a court says, you know, we're going to discuss the first three points that you've made because we think those are the serious ones, and then at the last paragraph of the opinion we say, we've considered all of the other arguments, we find no merit in them, therefore the judgment below is affirmed. You think that's an invalid way of proceeding? I don't, Your Honor, but in this particular case, regarding the request that the motion itself be adjudicated by a panel, they did not even do that. They made no reference to it whatsoever. They only made a reference to the underlying appeal. Your Honor, another point of law that was raised in the motion to reconsider was the Board's incorrect application of some of the precedent from this court in Stanaikova v. Holder and Baco v. Gonzalez. The Baco case was one that was brought up in the BIA decision itself from April. That was not something that was previously addressed because it was never up on the case below. So the motion to reconsider properly raised an issue of law by pointing to the way in which the Board had applied this precedent. That is not something that was previously brought up, but the motion to reconsider is a proper venue to raise that argument. It's not a completely new legal argument. It is drawing the Board's attention to a mistake that it made in its decision, which I think is the correct scope of a motion to reconsider. And finally, Your Honor, the final error of law that we alleged was in the motion to reconsider that the Board incorrectly weighed the evidence regarding whether the petitioners would face future persecution. And why do we have jurisdiction over that? We have rejected countless times arguments essentially about the weighing of evidence. That looks like a fact question that's beyond the scope of our authority. Your Honor, in this case, the cursory nature of the BIA's decision denying the motion to reconsider does not evidence that they considered some of these arguments regarding that particular prong. And as this Court has been very clear in this actual panel in Cruz, Ohio, the Board doesn't have to write a second decision repeating the same things. But in this case, these are issues that were not brought up the first time around, so they've never been addressed. Okay. If you want to save just a smidgen for rebuttal issues. Thank you, Your Honor. Thank you. Ms. Singer. Your Honors, good morning. May it please the Court, my name is Jennifer Singer, and I represent the United States Attorney General, the respondent in this matter. The only question before this Court is whether petitioners in their motion to reconsider identified an error of law or an error of fact in the Board's earlier decision denying their application for asylum, withholding of removal, and cap protection. And the short answer is no, the motion to reconsider did not identify any error of law or error of fact. Though the motion is couched in terms of legal error and that the Board mischaracterized the facts or overlooked something, the essence of the petitioner's arguments is that take aim at the merits of the Board's findings regarding past persecution, eligibility for asylum, and clear probability of future persecution. If petitioner wanted to mount an argument on the merits of the Board's underlying decision, petitioner should have filed a petition for review with this Court, and he did not, or they did not. He can't now get backdoor review of the merits through a motion to reconsider. Petitioner spent much of his time up here claiming that his motion did identify errors of fact in law, but just because you say error or say the magic words that the Board misapplied precedent doesn't necessarily make it so. And the points to which he does identify are not actual errors whatsoever. The government's brief addresses all the errors that petitioner raised in his brief and his motion to reconsider. I can go into those specifically. I think the brief covers it pretty thoroughly, unless the Court has additional questions. I don't really have much to add other than the fact that petitioner should have raised all his arguments in the petition for review, and he did not. So what do you think the proper disposition of this petition for review from the denial of the motion to reconsider is? I'm sorry, say that again? What is the government's view of the proper disposition of this petition for review before us, or these petitions for review, which are from the Board's denial of the motion to reconsider? That the Court should affirm under an abuse of discretion standard the denial of the motion to reconsider. So deny the petitions for review because of no abuse of discretion, you would say? No abuse of discretion and failure to identify an error of fact or law in the brief. And to the extent he does raise the merits argument, the Court doesn't have jurisdiction to review those because there was no timely petition for review filed from the merits of the Board's underlying decision. So the government asks that the Court affirm the Board's denial of the motion to reconsider, and we rest on our briefs. All right. Thank you. Thank you, Your Honor. So you have a minute, Mr. Toman. Thanks again, Your Honor. I probably won't take up the full minute. Just very briefly, Your Honor, we obviously disagree with the Respondent's position. We think that we did identify legal errors. We identified a misapplication of the law. Our briefs do address additional points. The petitioners' claims for political protection were never properly addressed. They were just lumped in with the ethnic persecution and also the harm, non-physical harm. The Board incorrectly excluded denial of identity. And I thank you for your time, Your Honors, and ask that the case be granted. All right. Thank you very much. Thanks to both counsel. We'll take the case under advisement, and the Court will be in recess.